United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Rochelle Y. Driessen, Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 19-21224-Civ-Scola |
| University of Miami School of Law ) | |
| Children & Youth Law Clinic and ) | |
| Emily C. Moises Day Training ) | |
| Center, Defendants. ) | |

### Order Dismissing Complaint and
### Granting Motion for Leave to Proceed *In Forma Pauperis*

This matter is before the Court upon Plaintiff Rochelle Y. Driessen's application to proceed *in forma pauperis*. (**ECF No. 3**.) Having reviewed the motion, the record, and the relevant legal authorities, the Court **grants** Driessen's motion to proceed without prepaying her fees or costs; however, the Court **strikes** her complaint for the reasons set forth below.

Driessen's complaint relates to her twenty-five-year-old daughter, Brittany Oliver, whom she describes as "developmentally disabled." (Compl. ¶1, ECF No. 1, 1.) As best the Court can discern, Driessen's grievances against Defendants University of Miami School of Law Children & Youth Law Clinic and Emily C. Moises Day Training Center appear to stem from various state-court proceedings involving Oliver: guardianship proceedings; civil actions for professional malpractice against the Defendants; and appellate proceedings. Her allegations against the Defendants touch on a range of issues: malpractice, violations of the Florida Rules of Professional Conduct, deprivation of due process relating to notice and other issues involving the state-court proceedings; and violations of the Individuals with Disabilities Education Act. Driessen also alleges Oliver is receiving subpar treatment at the Center. However, many of Driessen's allegations amount to nothing more than generalized legal conclusions or facts that are untethered from an actual cause of action. It is impossible for the Court to parse which allegations are relevant to any possible claim. Further, based on the allegations in her complaint, the Court has doubts regarding Driessen's standing to bring her claims as well as concerns about the running of the statute of limitations as some of her allegations relate to events occurring as far back as 2014.

The Court, therefore, is unable to discern whether Driessen has stated a claim upon which relief may be granted. To that end, the Court **strikes** the

complaint and, to the extent Driessen seeks to file an amended complaint, **orders** her to: (1) address the shortcomings noted in this order; (2) comply with the pleading requirements in Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure; (3) include a separate factual background section setting forth specific factual allegations in support of her claims; (4) if there is more than one cause of action, separate each into a different, sequentially numbered, count which identifies the relevant cause of action or claim for relief (5) identify which factual allegations and acts pertain to which Defendant; and (6) identify which factual allegations and acts pertain to which count.

Additionally, Driessen is forewarned that 28 U.S.C. § 1915(e)(2)(B) confers discretion on a district court to dismiss an *in forma pauperis* action if certain defects are evident from the complaint:

> Notwithstanding any filing fees, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6) governs a dismissal under § 1915(e)(2)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," *Nietzke v. Williams*, 490 U.S. 319, 327 (1989); when the claims rely on factual allegations which are "clearly baseless," *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success, *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

At the same time, the Court notes Driessen is a pro se litigant. Pro se complaints are held to "'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1979) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). When determining whether to dismiss, the allegations of a complaint and its attachments are taken as true and are construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

Driessen must, to the extent she is attempting to state a claim under 42 U.S.C. § 1983, allege facts showing (1) the Defendants deprived her of a right

secured by the United States Constitution or federal law; and (2) such deprivation occurred under color of state law. *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, she must allege an affirmative causal connection between each Defendant's conduct and the relevant constitutional or federal deprivation. *See, e.g., Troupe v. Sarasota Cnty.*, 419 F.3d 1160, 1165 (11th Cir. 2005). Further, § 1983 provides no cause of action against private entities absent some action in concert with a state official. Thus, in order to state a claim against the named private entities, Driessen must allege facts from which the Court could infer such entities engaged in state action or action in concert with a state official. *See, e.g., Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) ("A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state.").

For the reasons set forth above, the Court **strikes** the complaint. Driessen may file an amended complaint by **April 12, 2019**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the standards otherwise described above. Driessen is forewarned that her **failure to comply with this order may result in the dismissal of her case**.

The Clerk is directed to **mail** a copy of this order to the Plaintiff at the address indicated below.

**Done and ordered**, at Miami, Florida, on April 2, 2019.

_____
Robert N. Scola, Jr.
United States District Judge

Copy, via U.S. Mail, to:
Rochelle Y. Driessen
7418 Harding Ave., Apt. # 4
Miami Beach, FL 33141