United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Rochelle Y. Driessen, Plaintiff,<br><br>v.<br><br>University of Miami School of Law Children & Youth Law Clinic and Emily C. Moises Day Training Center, Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 19-21224-Civ-Scola<br>)<br>)<br>)<br>) |

### Order Dismissing Complaint and Denying Motion to Join

Previously, while allowing pro se Plaintiff Rochelle Y. Driessen to proceed *in forma pauperis*, the Court nonetheless dismissed her complaint because it was a shotgun pleading and she had failed to properly state a claim upon which relief could be granted. (ECF No. 4.) The Court afforded Driessen the opportunity to file an amended complaint but directed her to fix a number of her original pleading's shortcomings: generalized legal conclusions unsupported by factual allegations; factual allegations that were untethered to any associated cause of action; inadequate standing allegations; apparent expiration of relevant statutes of limitation; and causes of actions unassociated with any particular Defendant. The Court advised Driessen that her failure to comply with the Court's directives could result in the dismissal of her case. In response, Driessen has filed an amended complaint (Am. Compl., ECF No. 6) as well as a motion asking the Court to join the State of Florida as a defendant in this case (Pl.'s Mot., ECF No. 7). For the following reasons, the Court **denies** Driessen's motion to join the State of Florida (**ECF No. 7**) and dismisses Driessen's case for her failure to state a claim upon which relief may be granted and her failure to comply with the Court's orders.

Driessen has set forth two counts: one under the Individuals with Disabilities Education Act, against both the University of Miami School of Law Children & Youth Law Clinic, as well as the Emily C. Moises Day Training Center; and the second under 42 U.S.C. § 1983, against just the University. Although not entirely clear, Driessen's grievances appear to stem from various state-court proceedings regarding the education placement of her disabled daughter. After a careful review of the amended complaint, the Court concludes that neither count sets forth a claim upon which relief may be granted.

To begin with, regarding count one, "the only parties listed in the regulations as subject to the IDEA's requirements are those states that receive

payments under the statute and any subdivisions of such states 'that are involved in the education of children with disabilities.'" *M.T.V. v. Perdue*, CIV.A. 1:03CV0468-CA, 2004 WL 3826047, at *11 (N.D. Ga. Feb. 3, 2004) (quoting 34 C.F.R. § 300.2(a)-(b)). "There are no provisions in the IDEA or its regulations extending its obligations to private actors or suggesting that private actors may be subject to individual liability under the statute." *M.T.V.*, 2004 WL 3826047, at *11. Nowhere in her complaint does Driessen allege that either the University or the Training Center is a subdivision of the state. In fact, Driessen affirmatively acknowledges that the University is a "private entity." (Am. Compl. at ¶ 8.) And in an attachment to her complaint, Driessen has included documentation showing that the Training Center is a 501(c)(3) nonprofit organization. (Am. Compl., ECF No. 6-1, 9.) According to the complaint's allegations, neither entity is a subdivision of the state in any conceivable way and thus neither is subject to suit under the IDEA.

Further, Driessen's IDEA grievances, as best the Court can discern, center on alleged notice violations and the alleged impropriety of her daughter's placement at the Training Center under the IDEA. But "[t]he relevant statutory framework requires, among other things, that a claimant seeking relief under the IDEA first administratively exhaust the claim." *Durbrow v. Cobb County Sch. Dist.*, 887 F.3d 1182, 1190 (11th Cir. 2018). Since Driessen has not set forth any allegations that she has administratively exhausted her claims, count one, brought under the IDEA, cannot go forward.

Next, Driessen's § 1983 claim against the University, in count two, is also due to be dismissed. The University, "which is a private university, is not a state actor and none of the 'rare circumstances' allowing a § 1983 claim against a private actor were alleged." *Andela v. Univ. of Miami*, 461 Fed. App'x 832, 836–37 (11th Cir. 2012) (quoting *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). In order to establish that a private party is a state actor, a plaintiff must establish one of the following:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution [or federal law]; (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State; or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise.

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quotations omitted). Driessen has not alleged any of these conditions. Instead she maintains that the University's attorney "acted under the color of state law when he violated the Rules Regulating the Florida Bar Rules of Professional Conduct" and the University "acted under the color of Fla. Stat. §

393.12(4)(a)(b) when it denied [Driessen] her constitutional guarantee of due process to a notice" about an evidentiary hearing. None of these allegations implicates the "rare circumstances" under which a § 1983 claim may proceed against a private defendant.

Lastly, the Court denies Driessen's motion to join the State of Florida to this action. (ECF No. 7.) To begin with, Driessen's motion is moot because the Court has dismissed Driessen's suit against the University and the Training Center. Additionally, Driessen's motion is substantively lacking. Under Federal Rule of Civil Procedure 20, a plaintiff may join claims against defendants if the claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences; and [] any question of law or fact common to all defendants will arise in the action." In her motion Driessen complains about improper actions taken by her daughter's guardian advocate and the state probate court's failure to address the guardian's deficiencies and violations of various Florida statutory provisions. Not only do the actions complained of fail to arise out of the "same transaction, occurrence, or serious of transactions and occurrences" as set forth in her amended complaint, but Driessen doesn't even assert any allegations that are, in any event, actually against the State of Florida.

Accordingly, after being given an additional opportunity to do so, Driessen has failed to state a claim upon which relief may be granted. Driessen has also failed to comply with the Court's orders (ECF No. 4) regarding properly pleading her complaint. Because it appears any further amendment would be futile, the Court **dismisses** Driessen's complaint **with prejudice**. The Court also **denies** Driessen's motion to join the State of Florida to this action (**ECF No. 7**).

The Clerk is directed to **close** this case. Any other pending motions are **denied as moot**.

The Clerk is also directed to **mail** a copy of this order to the Plaintiff at the address listed below.

**Done and ordered**, at Miami, Florida, on September 24, 2019.

_____
Robert N. Scola, Jr.
United States District Judge

Copy, via U.S. Mail, to:
Rochelle Y. Driessen
7418 Harding Ave., Apt. # 4
Miami Beach, FL 33141