United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Rochelle Y. Driessen, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| University of Miami School of Law Children & Youth Law Clinic and Emily C. Moises Day Training Center, Defendants. | ) Civil Action No. 19-21224-Civ-Scola |

### Order Denying Motion for Relief from Judgment

Previously, while allowing pro se Plaintiff Rochelle Y. Driessen to proceed *in forma pauperis*, the Court nonetheless dismissed her initial complaint because it was a shotgun pleading and she had failed to properly state a claim upon which relief could be granted. (ECF No. 4.) The Court afforded Driessen the opportunity to file an amended complaint but directed her to fix a number of her original pleading's shortcomings: generalized legal conclusions unsupported by factual allegations; factual allegations that were untethered to any associated cause of action; inadequate standing allegations; apparent expiration of relevant statutes of limitation; and causes of actions unassociated with any particular Defendant. The Court advised Driessen that her failure to comply with the Court's directives could result in the dismissal of her case. In response, Driessen filed an amended complaint but it failed to comply with the Court's order or otherwise state a claim upon which relief could be granted. As a result, the Court dismissed Driessen's complaint with prejudice (ECF No. 8) and entered a final judgment (ECF No. 9). Driessen now seeks relief from that judgment and asks for leave to file an "independent action" as provided for in Federal Rule of Civil Procedure 60(d)(1). After review, the Court **denies** Driessen's motion (**ECF No. 11**).

An independent action is "available only to prevent a grave miscarriage of justice." *United States v. Beggerly,* 524 U.S. 38, 47 (1998). Driessen has not identified any such miscarriage but has instead simply sought to have the Court "rethink what the Court already thought through—rightly or wrongly." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted) (evaluating a motion to reconsider); *see also Brown v. S.E.C.,* 644 Fed. Appx. 957, 959 (11th Cir. 2016) ("A party cannot use an independent action as a vehicle for the relitigation of issues.") (quotations omitted). Because Driessen has not set forth any basis upon which the Court

might entertain an independent action, it **denies** her motion (**ECF No. 11**). *See Winfield Associates, Inc. v. Stonecipher*, 429 F.2d 1087, 1090 (10th Cir. 1970) ("an independent action must show a recognized ground, such as fraud, accident, mistake or the like, for equitable relief and that there is no other available or adequate remedy").

The Clerk is also directed to **mail** a copy of this order to the Plaintiff at the address listed below.

**Done and ordered**, at Miami, Florida, on October 21, 2019.

Robert N. Scola, Jr.
United States District Judge

Copy, via U.S. Mail, to:
Rochelle Y. Driessen
7418 Harding Ave., Apt. # 4
Miami Beach, FL 33141